JUDGE ELLIOTT
delivered the opinion of the court.
This indictment was found for an offense described in chapter 29, article 4, section 14, page 324 of the General Statutes, which is as follows: “If a woman be delivered of any issue of her body which, being born alive, would be a bastard, shall endeavor privately, by drowning or secretly burying the same, or in any other way directly or indirectly to conceal the birth thereof, so that it may not be known whether it were born alive or not, she shall be confined in the penitentiary not less than one nor more than five yearsand the only question presented by this record is whether the indictment is sufficient to support the judgment of the court. The indictment alleges that “the said Dice Foster, on the — day of April, 1876, in the county aforesaid, did feloniously conceal the birth of a bastard child, the issue of her body, by secreting the said child, so that it might not be known whether or not it had been born alive, said child being dead when found.”
Section 121, Criminal Code, provides that an indictment shall contain “ a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.”
The statute certainly requires a physical concealment of the bastard child, either by drowning, or burying, or in some other way, and therefore the “acts constituting the offense” should have been stated. The indictment charges that the appellant “did feloniously conceal the birth of a bastard child,” etc. This is only the statement of a conclusion of law, when the Code is imperative that the “acts constituting the offense” must be stated.
Had the appellee stated the acts which appellant did, in *375 and about the concealment of said child, they may not have amounted to the concealment contemplated by the statute. At any rate, under our criminal system, the appellant is entitled to a statement in the indictment of the acts constituting her offense, and she was not bound to go to trial on an indictment that failed to state them; and therefore the motion in arrest of judgment should have prevailed, as the indictment was insufficient to support the judgment.
Wherefore said judgment is reversed, and cause remanded for further proceedings consistent with this opinion.